UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRANIK GRIGORYAN,

Petitioner,

v.

CAUSE NO. 3:26-CV-417-CCB-SJF

BRIAN ENGLISH,

Respondent.

## OPINION AND ORDER

Immigration detainee Andranik Grigoryan, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Grigoryan has informed the court that he declines to file a reply. ECF 7, ECF 10. The petition is ready to be decided.

## BACKGROUND

Grigoryan is a citizen of Uzbekistan who entered the United States in 1999. ECF 7-1 at 2-5. On September 15, 2022, he was convicted of possessing unauthorized access devices in federal court. *Id.* On December 7, 2023, he entered immigration detention. ECF 1 at 4. On April 16, 2025, an immigration judge ordered him removed to Uzbekistan. ECF 7-1 at 8-14. Grigoryan appealed the removal order, but the Board of Immigration Appeals dismissed it on September 19, 2025. ECF 7-2. He is currently held at the Miami Correctional Facility. ECF 1 at 1.

On April 15, 2026, the respondent filed a status report representing that the government had not obtained travel documents for Grigoryan and that it was unlikely that he would be removed within thirty days. ECF 5. In the response brief, the respondent represents that the government is working to secure travel documents from Uzbekistan. ECF 7 at 3.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Grigoryan's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Grigoryan's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Grigoryan ended in December 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Grigoryan has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Uzbekistan as the only country under consideration for removal. Grigoryan offers little to suggest that Uzbekistan will refuse to facilitate his removal. He represents that Uzbekistan will not issue travel documents because it cannot locate him within governmental records, but he does not explain the circumstances of how he discovered this information, nor does he provide any indication that the representation amounts to more than speculation. Nevertheless,

Grigoryan's period of post-removal order detention now spans eight months with no substantial indication that the government has taken any measures to execute his removal to Uzbekistan. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Grigoryan's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only a vague representation that the government is working to secure travel documents from Uzbekistan. This meager showing does not persuade the court that Grigoryan's removal is likely to occur within the reasonably foreseeable future. It does not explain why a request for travel documents has not been submitted to Uzbekistan after eight months of detention. It does not suggest that the government is in the process of preparing a formal request or any basis for the delay in submitting such a request. It does not provide any insight as to when Uzbekistan might reach a decision once a formal request has been submitted or the likelihood that Uzbekistan will issue travel documents. Consequently, the court finds that the respondent has not adequately demonstrated that Grigoryan's removal is reasonably foreseeable. Therefore, the respondent must release Grigoryan.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Andranik Grigoryan on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **May 18, 2026**; and

4

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami

Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on May 14, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT